NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2798
_____

IN RE: JOHN ANTHONY CASTRO,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:23-cv-02120)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 16, 2023

Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed December 15, 2023)
_____

OPINION[*]
_____

PER CURIAM

John Anthony Castro has filed a petition for a writ of mandamus requesting that

we direct the District Court to rule on a motion to dismiss that was filed by the

defendants in civil action. For the following reasons, we will deny the petition.

In April 2023, Castro filed a complaint against Glenn R. Reiser, Esq. and LoFaro

& Reiser, L.L.P, alleging malpractice, negligence, and breach of contract. (ECF 1.) The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendants filed a motion to dismiss on May 15, 2023. (ECF 6.) Later that month, Castro filed briefs in opposition to the motion to dismiss. (ECF 8; 9.) The defendants filed a reply on June 2, 2023.[1] (ECF 10.) Castro now seeks an order directing the District Court to rule on the defendants' motion to dismiss, asserting in conclusory fashion "that sole purpose for the delay is that the [District] Court is engaging in protectionism to defend an in-state licensed attorney from a malpractice claim by an out-of-state person." (Doc. 1-1, at 6 of 12.)

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We conclude that the delay presented here has not yet amounted to a failure to exercise jurisdiction. We are confident that the District Court will issue a ruling in a

---

[1] Thereafter, on July 27, 2023, Castro filed a motion to obtain electronic case filing rights (ECF 11) and a motion for expedited consideration of the defendants' motion to dismiss. (ECF 12.) A Magistrate Judge denied the motion to obtain electronic case filing rights on November 2, 2023. (ECF 13.)

timely manner.  Accordingly, we will deny Castro's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act expeditiously.[2]

---

[2] Castro's Motion for Expedited Review is denied.